UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES L. TOLBERT,                                   Case No. 11-12059

           Plaintiff,                       David M. Lawson
v.                                                  United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                    Michael Hluchaniuk
                                                    United States Magistrate Judge

           Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 13)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On May 10, 2011, plaintiff filed the instant suit seeking judicial review of
the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant
to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge David M.
Lawson referred this matter to the undersigned for the purpose of reviewing the
Commissioner's decision denying plaintiff's claim for a period of supplemental
security income benefits.  (Dkt. 3).  This matter is currently before the Court on
cross-motions for summary judgment.  (Dkt. 8, 13).

### B.   Administrative Proceedings

Plaintiff filed the instant claims on February 15, 2008,  alleging that he

became unable to work on April 29, 2007.  (Dkt. 6-5, Pg ID 129-131).  The claim

was initially disapproved by the Commissioner on April 22, 2008.  (Dkt. 6-4, Pg

ID 99-102)  Plaintiff requested a hearing and on January 7, 2010, plaintiff

appeared with counsel before Administrative Law Judge (ALJ) Troy M. Patterson,

who considered the case *de novo*.  In a decision dated February 25, 2010, the ALJ

found that plaintiff was not disabled.  (Dkt. 6-2, Pg ID 35-48).  Plaintiff requested

a review of this decision on March 16, 2010.  (Dkt. 6-4, Pg ID 125- 26).  The

ALJ's decision became the final decision of the Commissioner when, after the

review of additional exhibits[1] (Dkt. 6-2, Pg ID 28-29), the Appeals Council, on

March 15, 2011, denied plaintiff's request for review.  (Dkt. 6-2, Pg ID 24-27);

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

   For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **GRANTED**, and defendant's motion

for summary judgment be **DENIED**, that the findings of the Commissioner be

**REVERSED**, and this matter be **REMANDED** for further proceedings.

---

   [1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ.  In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review. As discussed below, the parties dispute whether these exhibits constitute "Appeals Council" evidence.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

Plaintiff was 19 years of age at the time of the most recent administrative hearing.  (Dkt. 6-2, Pg ID 47).  Plaintiff's has no past relevant work history.  (Dkt. 6-2, Pg ID 47).  In denying plaintiff's claims, defendant Commissioner considered nerve damage to right leg as possible bases of disability.  (Dkt. 6-6, Pg ID 157).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since January 30, 2008, the application date.  (Dkt. 6-2, Pg ID 41).  At step two, the ALJ found that plaintiff's complex regional pain syndrome of the right foot secondary to a gunshot wound and right leg nerve damage were "severe" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 6-2, Pg ID 41).  At step four, the ALJ found that plaintiff had no past relevant work.  (Dkt. 6-2, Pg ID 47).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  (Dkt. 6-2, Pg ID 47-48).

### B.   Plaintiff's Claims of Error

Plaintiff contends that Exhibit 14F and 15F are post-hearing, predecision evidence that should have been considered by the ALJ and are not Appeals

Council evidence.  Plaintiff points out that the ALJ did not close the record at the
January 7, 2010 oral hearing.  (Tr. at 70).  Rather, he held the record open for
additional evidence.  (Tr. at 70).  On January 12, 2010, evidence from Hurley
Medical Center was submitted.  (Tr. at 250-307).  The ALJ later designated
that evidence Exhibit 13F2.  (Tr. at 15).  On February 3, 2011, plaintiff submitted
to the ALJ with a cover letter dated February 2, 1010 evidence from treating
physician Dr. Kiran.  (Tr. at 308-45).  Plaintiff's February 3, 2010 submission was
designated Exhibit 14F by the Appeals Council.  (Tr. at 5; Dkt. No. 6-8 at 1).  In
his cover letter, plaintiff told the ALJ that he was waiting for treatment notes from
Catholic Charities and would submit them on receipt.  (Tr. at 308).  On February
17, 2010, plaintiff submitted to the ALJ with a cover letter dated February 17,
2010 evidence from Catholic Charities.  (Tr. at 347-58).  Plaintiff's February 17,
2010 submission was designated Exhibit 15F by the Appeals Council.  (Tr. at 5;
Dkt. No. 6-8 at 1).

    In his February 25, 2010 decision, the ALJ stated that the only post-hearing,
pre-decision evidence was Exhibit 13F.  (Tr. at 15).  The ALJ maintained that
plaintiff did not submit any post-hearing evidence even though the record had
been held open for "over 40 days."  (Tr. at 15).  According to plaintiff, "more
than" forty days after the hearing was February 17, 2010, at the earliest.  Thus,
plaintiff argues that the ALJ was mistaken.  Plaintiff contends that he submitted

4

evidence from Dr. Kiran on February 3, 2010 (Tr. at 308-45) and evidence from Catholic Charities on February 17, 2010.  (Tr. at 347-58).  Plaintiff points out that the Appeals Council did not dispute his contention that he submitted evidence on both February 3, 2010 and February 17, 2010 or that the evidence was timely submitted.  (Compare Tr. at 164 (plaintiff's arguments to the Appeals Council) with *id*. at 2 (Appeals Council's reference to "unexhibited evidence received by the hearing office")).  In sum, plaintiff urges the Court to conclude that Exhibits 14F and 15F are post-hearing, pre-decision evidence that should be considered on substantial-evidence review of the ALJ's decision.  *See* 20 C.F.R. § 416.1453(a); *Flatford*, 93 F.3d at 1302-03; 42 U.S.C. § 405(g).

Next, plaintiff argues that substantial evidence does not support the ALJ's finding that he did not have a medically determinable mental impairment.  (Tr. at 17-18).  According to plaintiff, the ALJ erroneously failed to evaluate treating physician Dr. Kiran's diagnosis of depression in post-hearing, pre-decision Exhibit 14F.  (Tr. at 309-12).  In Exhibit 14F, Dr. Kiran diagnosed depression in September 2009, October 2009, November 2009, and January 2010.  (Tr. at 309-12).  Dr. Kiran referred to and endorsed mental health counseling plaintiff received at Catholic Charities.  (Tr. at 309-12 (Dr. Kiran); *id*. at 350-57 (Catholic Charities counseling records)).  Plaintiff contends that because the ALJ erroneously failed to recognize that plaintiff had submitted records from Dr. Kiran

on February 3, 2010 (Tr. at 15), the ALJ was unaware of Dr. Kiran's diagnosis. Therefore, necessarily, the ALJ did not provide the "good reasons" that § 416.927(d)(2) requires for the weight accorded to a treating physician's opinion. Plaintiff also points out that the ALJ was unaware of the supporting mental health treatment records from Catholic Charities.  (Tr. at 350-57).  At the January 7, 2010 hearing, plaintiff informed the ALJ that he had started receiving mental health treatment in December 2009.  (Tr. at 60, 63, 69).  The ALJ denied that plaintiff had submitted any post-hearing evidence by February 17, 2010 when in fact he had submitted records from Catholic Charities on that date.  (Tr. at 15, 347-57).

Plaintiff contends that the ALJ's errors with respect to his mental impairment were harmful.  First, the ALJ erroneously failed to consider all of plaintiff's impairments in combination at step two and at step three, and when determining his residual functional capacity.  The ALJ denied that plaintiff even had a medically determinable mental impairment.  Second, the ALJ did not evaluate plaintiff's mental impairment using the prescribed method set forth in 20 C.F.R. § 416.920a.  Third, the ALJ's error was harmful because the ALJ did not include any mental limitations in his residual functional capacity assessment.  (Tr. at 18).  Rather, the ALJ recognized only an exertional limitation to "sedentary" work.  (Tr. at 18).  According to plaintiff, when an ALJ finds that a claimant does not have a medically determinable mental impairment, the ALJ does not provide a

credibility rationale with respect to a mental impairment.  *See* SSR 96-4p.
Although the ALJ provided a credibility rationale, he provided no such rationale
with respect to plaintiff's medically determinable mental impairment (depression),
having denied that plaintiff had a medically determinable mental impairment.  (Tr.
at 17-24).  On remand, plaintiff argues that the ALJ must provide a reviewable
credibility rationale with respect to his medically determinable mental impairment.
Plaintiff thus asks the Court to conclude that substantial evidence does not support
the ALJ's finding that he did not have a medically determinable mental
impairment and to remand for the proper evaluation of Dr. Kiran's diagnosis of
depression and credibility in this regard.

     Plaintiff asserts that the ALJ did not develop an adequate record with
respect to his mental condition.  Plaintiff contends that, even assuming that he did
not submit evidence to the ALJ on February 3, 2010 and February 17, 2010, the
ALJ erroneously failed to ask plaintiff for that evidence.  At the hearing, the ALJ
announced that he would not "issue a decision until" he evaluated evidence from
Dr. Kiran and Catholic Charities.  (Tr. at 70 ("from Catholic services and from
your doctor")).  However, plaintiff points out that when the ALJ issued a decision
on February 25, 2010, he acknowledged that he considered no such evidence and
did not indicate that he had contacted plaintiff to ascertain the status of his request
for that evidence.  (Tr. at 15).  According to plaintiff, if the ALJ had checked

either the electronic file or with plaintiff, he would have discovered or learned that plaintiff had submitted the evidence the ALJ stated was necessary to reach a decision.

Plaintiff also maintains that, given the facts of this case, the ALJ should have obtained the report of a consultative psychiatric or psychological examination, citing 20 C.F.R. § 416.919a(b).  Given plaintiff's clear allegation of disability based in part on his mental condition (Tr. at 69-70) and post-hearing, pre-decision evidence documenting a serious mental condition (Tr. at 309-12, 350-57), plaintiff argues that the ALJ erroneously failed to obtain a consultative examination.

C.     The Commissioner's Motion for Summary Judgment

The Commissioner disputes that plaintiff timely submitted post-hearing evidence and contends that the ALJ did not receive this later submitted evidence before issuing his decision.  And, according to the Commissioner, because this evidence was not received or considered by the ALJ, this Court may not consider this evidence when reviewing the ALJ's decision.  The Commissioner maintains that this case may be remanded only if plaintiff proves the later submitted evidence was new and material and that plaintiff had good cause for failing to submit the additional evidence prior to the hearings.  Because plaintiff fails to even attempt to satisfy his burden, the Commissioner urges the Court to conclude

Report and Recommendation
Cross-Motions for Summary Judgment
*Tolbert v. Comm'r*; Case No. 11-12059

that plaintiff is not entitled to a sentence six remand.

The Commissioner asserts that plaintiff's assumption that the evidence he submitted after the hearing must automatically be included in the record considered by the ALJ is incorrect. Plaintiff cites no authority requiring an ALJ to consider evidence or include evidence in the record where the evidence was allegedly submitted after the hearing, but before the decision, and the evidence was not received by the ALJ prior to issuing the decision. Rather, according to the Commissioner, the authority cited by plaintiff merely holds that an ALJ may consider evidence submitted after the hearing. *Flatford v. Chater*, 93 F.3d 1296, 1303 (6th Cir. 1996). The Commissioner argues that nothing in *Flatford*, or the applicable statues or regulations, supports plaintiff's contention that all evidence submitted after the hearing, but before the decision, must be included in the record considered by the ALJ. While the ALJ in this case said that he would keep the record open, the ALJ did not agree to hold the record open indefinitely. (Tr. 70). While plaintiff submitted other evidence after the hearing that was received and considered by the ALJ, the Commissioner contends that the ALJ simply did not receive the later submitted evidence contested in plaintiff's brief. The first time this later submitted evidence was reviewed by the Commissioner was at the Appeals Council level. (Tr. 2). Therefore, the Commissioner maintains that the proper standard for evaluating this evidence is under sentence six – evidence

provided for the first time at the appellate level. According to the Commissioner, plaintiff made no effort to demonstrate satisfaction of the sentence six requirements for the later submitted evidence. Remand is, therefore, not warranted.

Next, the Commissioner argues that any error committed by the ALJ in not discussing plaintiff's later submitted evidence was harmless. Plaintiff incorrectly contends that Dr. Kiran's diagnoses affirmatively established a medically determinable mental impairment. However, a diagnosis establishes a medically determinable impairment only where it is supported by objective medical evidence. *See* Social Security Ruling 96-4p, 1996 WL 374187 at *1. According to the Commissioner, Dr. Kiran's treatment notes failed to show any medical evidence adduced by Dr. Kiran to establish depression. Instead, the notes rely entirely on plaintiff's subjective complaints and self-reported "depression." (*See* Tr. 310-12). According to the Commissioner, the existence of a medically determinable physical or mental impairment cannot be established where, like here, there is an absence of objective medical abnormalities. Social Security Ruling 96-4p, 1996 WL 374187 at *1. Likewise, any error committed by not evaluating Dr. Kiran's diagnosis was harmless. Although the treatment records reflect thorough physical examinations, Dr. Kiran's treatment notes lack any suggestion of objective testing or evaluation of plaintiff's mental health. (*See* Tr.

310-12).  The Commissioner contends that there is nothing to suggest that Dr.

Kiran reviewed or relied on any information from Catholic Services when he made

his summary assessment.  (*See* Tr. 310-12).  Such unsupported conclusory

opinions do not merit weight.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.

2001) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly

where they are unsupported by detailed objective criteria and documentation.");

*Young v. Sec'y of HHS*, 925 F.2d 146, 151 (6th Cir. 1990).  The Commissioner

explains that in *Young*, the court explicitly found a physician's opinion regarding a

mental impairment failed to merit any weight where the physician did not conduct

a mental status exam or any psychological or psychiatric tests in forming the

opinion.  The court reasoned, "the opinion of a treating physician must be based

on sufficient medical data."  *Id*.  Therefore, the Commissioner asserts that any

failure to address Dr. Kiran's opinion was harmless because the opinion was so

patently deficient that no ALJ could possibly credit it.

And, contrary to plaintiff's argument, the Commissioner contends that ALJ

did assess plaintiff's credibility vis-a-vis his purported mental symptoms.  (Tr. 23).

For example, plaintiff testified that he had trouble concentrating.  (Tr. 67).  The

ALJ found this testimony not entirely credible because it was inconsistent with

plaintiff's admitted ability to receive tutoring to get his GED, to pay attention

to 30-minute television shows, to read for short periods, and to handle money.

(Tr. 23).  The ALJ also discredited plaintiff's allegations that he had trouble getting along with others as inconsistent with plaintiff's statements that he tries to get along with others, that he has occasional conversations with people, and Dr. Bertram's treatment notes finding plaintiff very pleasant and approachable.  (Tr. 23).

The Commissioner also urges the Court to reject plaintiff's argument that the ALJ did not develop an adequate record regarding plaintiff's alleged mental impairment.  The Commissioner first points out that the duty to develop the record "is not a panacea for claimants, however, which requires reversal in any matter where the ALJ fails to exhaust every potential line of questioning."  *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994).  Here, the ALJ had an adequate record.  He had more than one-year's worth of medical records documenting plaintiff's frequent visits with medical professionals.  Although plaintiff testified that he suffered mental symptoms immediately following being shot (Tr. 65), nothing in the records indicated plaintiff expressed any complaints regarding these symptoms during that time.  The Commissioner also points out that in his application for benefits, plaintiff did not identify any mental limitation and when asked to update the initial information given, plaintiff denied that he had any new physical or mental limitations.  (Tr. 130, 142).  And, the ALJ had sufficient evidence to evaluate the consistency of plaintiff's allegations regarding his mental

limitations.  (*See* Tr. 23).  Plaintiff contends the ALJ should have ordered a consultative mental examination but the Commissioner counters that, under these circumstances, there is nothing to suggest that the ALJ abused his discretion by choosing not to order such an examination.  *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010) ("The ALJ has discretion to determine whether additional evidence is necessary.").

## III.  DISCUSSION

### A.  Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions

13

absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

      If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

      The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of

appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*). and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*).. Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

> Step Four:  If the claimant is able to perform his or her

> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,
20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner
makes a dispositive finding at any point in the five-step process, the review
terminates."  *Colvin*, 475 F.3d at 730.

        "Through step four, the claimant bears the burden of proving the existence
and severity of limitations caused by her impairments and the fact that she is
precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited
with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step
without a finding that the claimant is not disabled, the burden transfers to the
Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).
At the fifth step, the Commissioner is required to show that "other jobs in
significant numbers exist in the national economy that [claimant] could perform
given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at
241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

        If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis and Conclusions</u>

Essentially, the parties disagree on whether sentence six or sentence four is applicable to plaintiff's request for remand.  Notably, it is quite evident that plaintiff submitted the post-hearing evidence in dispute *before* the ALJ made his decision.  The first disputed exhibit was submitted on February 3, 2010, according to facsimile tag line at the top of the document.  (Dkt. 6-8, Pg ID 337-375).  The second disputed document was submitted on February 17, 2010. (Dkt. 6-8, Dkt. 377-386).  The Commissioner does not appear to dispute the dates of these submissions nor does the Commissioner argue that they were submitted improperly.  Rather, the Commissioner argues that because the ALJ obviously did not see these exhibits, sentence six *must* apply.  On the other hand, plaintiff argues that the record was left open by the ALJ, the ALJ was aware that the records would be submitted, and they were submitted prior to the decision, so sentence six does not apply.  The ALJ did not indicate at the hearing how long the record was to remain open and the documents were submitted 27 and 42 days after the hearing.  The last submission was made nine days before the ALJ issued his

written decision in which it is clear that he did not review these two submissions.

While neither party provides any authority directly on point, there are several cases that provide persuasive guidance on the appropriate course of action in these circumstances. For example, in *Hoffman v. Comm'r of Soc. Sec.*, 2012 WL 1066821 (N.D. Ohio 2012) (Carr, J.), the court distinguished cases where evidence was submitted *after* the ALJ issued his decision from the case before the court, where the plaintiff had submitted evidence to the ALJ after the hearing but *before* the ALJ issued his decision. Under these circumstances, the court concluded that the evidence could properly be considered in evaluating whether the Commissioner's decision should be vacated and remanded for further proceedings under sentence four. *Id*. at *4. In *Figard v. Comm'r of Soc. Sec.*, 2010 WL 3852041 (W.D. Mich. 2010) (Maloney, J.) the court rejected the Commissioner's argument that remand could only be considered under sentence six. In *Figard*, the plaintiff submitted a questionnaire completed by her treating physician "during the administrative proceedings" and prior to the ALJ issuing his decision. Judge Maloney concluded that because the plaintiff presented the evidence prior to the ALJ's decision, the sentence six analysis simply did not apply and remand was warranted under sentence four. *Id*. at *2. Other courts have also concluded that even if the ALJ had considered the timely submitted post-hearing records, he could still have reasonably reached the same conclusion, the

failure to discuss such records and explain why they were not credited is reversible error.  *See Cooper v. Astrue*, 2011 WL 240177 (E.D. Pa. 2011) (Rufe, J.).  Under such circumstances, the court concluded that it should not make an independent determination of disability because the record was not fully developed and the ALJ should conduct the five-step sequential process in light of all the evidence. *Id*. at *5.

This issue was extensively discussed in *Lord v. Apfel*, 114 F.Supp.2d (D. N.H. 2000) (Barbadora, C.J.).  The court first pointed out that the evidence at issue was not submitted while the claimant's case was before the appeals council or a reviewing court.  Rather, all the post-hearing evidence was part of the record before the ALJ when she issued her decision.  And, the record had been re-opened to receive the post-hearing evidence.  The court also pointed out that SSA regulations and directives allow claimants to submit additional evidence before the ALJ issues a written decision.  *Id.* at 13, citing 20 C.F.R. §§ 404.936(a), 404.944 (1999); HALLEX I–2–630, 1993 WL 643026 (June 30, 1994); HALLEX I–2–678, 1993 WL 751904 (June 30, 1994).  Based on this authority the court concluded that because the post-hearing evidence was made part of the record before the ALJ issued her decision, the fact that the evidence was submitted after the hearing was

irrelevant.[2]  The court framed the question presented as "whether the validity of the ALJ's decision is undermined by her failure to discuss explicitly this substantial body of evidence."  *Id*.  The court concluded that because the ALJ had not discussed the post-hearing evidence from the plaintiff's treating physician, the court could not determine whether the ALJ had properly weighed that evidence in light of the applicable factors set forth in the regulations.  Even where the ALJ would have been entitled to find the evidence "unworthy of credit," the ALJ was not entitled to find it "unworthy of comment" and remand under sentence four was required.  *Id*. at 15-16; *see also*, *Smith v. Barnhart*, 2003 WL 1191401, *6-7 (D. N.H. 2003).

Based on the foregoing authority, which the undersigned finds persuasive, the standards of sentence six are not applicable.  Rather, this matter is governed by sentence four because it appears that all the post-hearing evidence was submitted while the record remained open and well before the ALJ issued his decision.  The undersigned also concludes that remand is appropriate in this case because there is nothing in the record showing how the ALJ weighed (or would have weighed) the evidence at issue.  Just as in *Cooper*, *supra*, under such circumstances, this Court

---

[2]  Notably, some of the evidence submitted after the hearing in *Lord* was submitted during the 30 day period the ALJ kept the record open, some was submitted after this period, and the date other evidence was submitted was unclear.  It was entirely clear, however, that all of the post-hearing evidence was docketed in the record 12 days before the ALJ issued her written decision.  *Id*. at 13, n. 15.

should not make an independent determination of disability because the record was not fully developed and the ALJ should, prior to this Court's review, conduct the five-step sequential process in light of all the evidence. *Id*. at *5. This is particularly important here, because the evidence at issue, which involves plaintiff's nonexertional limitations, were not presented to the vocational expert at the hearing. *See Smith*, 2003 WL 1191401 at *6. For these reasons, the undersigned recommends that this matter be remanded for consideration of all the post-hearing evidence.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, and defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 27, 2012                          s/Michael Hluchaniuk
                                               Michael Hluchaniuk
                                               United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 27, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Marc W. Mulder, Lynn Marie Dodge, AUSA, and the Commissioner of Social Security</u>.

s/Darlene Chubb   

Judicial Assistant

(810) 341-7850

darlene_chubb@mied.uscourts.gov

Report and Recommendation
Cross-Motions for Summary Judgment
*Tolbert v. Comm'r*; Case No. 11-12059
